UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

*In Re*:

Te-Kon Travel Court, Inc.[1], et al.

        Debtors.

_____/

Case No. 04-01848
(Jointly Administered)
Chapter 11

Hon:  Scott W. Dales

**MOTION TO ENFORCE AND IMPLEMENT TERMS OF
FOURTH AMENDED JOINT PLAN OF REORGANIZATION OR, IN THE ALTERNATIVE,
TO CONVERT CASE TO CHAPTER 7**

    U.S. Bank, National Association, as Trustee and for the benefit of FMAC Loan Receivables Trust 1998-C, and U.S. Bank, National Association, as Trustee and for the benefit of FMAC Loan Receivables Trust 1998-D (collectively, "Lenders"), by and through their attorney(s), PLUNKETT COONEY, hereby request that this Court enter an Order requiring Debtors' compliance with the terms of their Fourth Amended Joint Plan of Reorganization (the "Plan"), or, alternatively, for conversion of this case to Chapter 7.  In further support of this Motion, the Lenders state as follows.

**FACTS**

    1.        The Debtors in this case filed their bankruptcy petitions on February 23, 2004.

    2.        The Lenders are, and were during the course of Debtors' bankruptcy cases, secured creditors of the Debtors.

    3.        Debtors filed their Plan on May 3, 2006.

    4.        The Plan was confirmed by Order of this Court dated July 11, 2006.

---

[1] Jointly administered with *Te-Khi Travel Court, Inc., Case No. HK 04-01847; Te-Khi Service Center, Case No. HK 04-01849; and Petroleum Holdings, Inc., Case No. HK 04-01850.*

5. As part of the plan negotiation process, Debtors and the Lenders entered into a Settlement Agreement, as of June 8, 2005, providing, among other things, for the treatment of the Lenders' claims under the Plan. The Plan confirmed by the Court references the Settlement Agreement (page 17, paragraph F), and states that Debtors shall comply with all obligations under the Settlement Agreement. A copy of the Settlement Agreement is attached hereto as Exhibit B.

6. The Settlement Agreement, which is binding upon Debtors and the Lenders, provides Debtors with several options for payment of Lenders' claims. In short, the Settlement Agreement provides that the Lenders shall receive payment of their allowed claim amount, as set forth in the Agreement, within one (1) year of the date of entry on this Court's docket of the Order Confirming Plan, which date was July 12, 2006. Alternatively, the Settlement Agreement provides that Debtors could pay certain agreed-upon amounts within either six (6) months or nine (9) months of July 12, 2006, depending upon the date of payment.

7. On pages 7 through 9, the Settlement Agreement further provides for recording by the Lenders of Deeds in Lieu of Foreclosure (the "Deeds") for certain property owned by Debtors if Debtors failed to cure the default(s) in their payment obligations set forth above within seven (7) business days of written notice of same to Debtors' counsel. The Deeds were held by Lenders' counsel as part of the settlement. The Settlement Agreement also provides that Debtors shall immediately surrender control and possession of their property to Lenders as part of the default process.

8. Debtors failed to satisfy any of the payment options afforded to them under the Settlement Agreement, which default was evidenced by proper notice sent to Debtors.

9. The Lenders, pursuant to the terms of the Settlement Agreement and Plan, recorded the Deeds with the Register of Deeds in Calhoun County, Michigan in July, 2007.

10. Upon recording of the Deeds and Lenders' attempts to take control and possession of the appropriate real property, Debtors' strenuously objected to Lenders' actions (despite such actions being in

strict compliance with the settlement terms), and threatened further litigation in this matter unless Lenders provided Debtors with additional time to propose a method for full payment of the Lenders' outstanding claims.

11. Although not required to do so, the Lenders gave Debtors additional time to pay the amount owed to the Lenders. The Debtors failed to make such payment. In fact, the Lenders have not received payment of any kind since October 11, 2007. In addition, the Lenders believe that Debtors owe approximately $176,000 for real property taxes on the relevant property.

**ARGUMENT**

12. Pursuant to Article XI of the Plan, this Court retained jurisdiction to address various post-confirmation matters. Specifically, pursuant to paragraphs G, H, J and L of Article XI of the Plan, this Court has more than ample jurisdiction to enforce and implement the terms of the Plan. Moreover, § 1142 of the Bankruptcy Code authorizes this Court's enforcement of the Plan.

13. Pursuant to the Bankruptcy Code and the applicable terms of the Plan, Lenders request that Debtors be ordered to acknowledge and abide by the recorded Deeds in Lieu of Foreclosure and surrender control and possession of the Property subject to the Deeds. The Lenders also request that this Court order Debtors to cooperate and assist in the transfer of all licenses and permits necessary for the operation of their businesses, and to perform such other obligations as set forth in the Settlement Agreement and/or Plan.

14. As alternative relief, the Lenders request that this Court convert this case to a Chapter 7 case as a result of Debtors' failure to consummate the Plan and as a result of a material, uncured default with respect to the Plan. The conversion of this case is authorized by § 1112(b)(4)(M) and (N) of the Bankruptcy Code.

WHEREFORE, the Lenders request that this Court grant the relief requested above and enter the Order attached hereto as Exhibit A.

    Respectfully submitted,

    **PLUNKETT COONEY**

    By: /s/DOUGLAS C. BERNSTEIN
    Douglas C. Bernstein (P33833)
    Michael A. Fleming (P38293)
    Attorney(s) for Lenders
    38505 Woodward Avenue, Suite 2000
    Bloomfield Hills, MI  48304
    (248) 901-4091/4095
    dbernstein@plunkettcooney.com
    mfleming@plunkettcooney.com

Dated:  February 11, 2009

Blmfield.09208.33537.1071472-1

4