UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

TE-KON TRAVEL COURT, INC.,                          Case No. DK 04-01848
                                                    Chapter 11
            Debtor.                                 Hon. Scott W. Dales
_____/

In re:

TE-KHI TRAVEL COURT, INC.,                          Case No. DK 04-01847
                                                    Chapter 11
            Debtor.                                 Hon. Scott W. Dales
_____/

In re:

TE-KHI SERVICE CENTER, INC.,                        Case No. DK 04-01849
                                                    Chapter 11
            Debtor.                                 Hon. Scott W. Dales
_____/

In re:

PETROLEUM HOLDINGS, INC.,                            Case No. DK 04-01850
                                                    Chapter 11
            Debtor.                                 Hon. Scott W. Dales
_____/

**OPINION AND ORDER REGARDING MOTION TO COMPEL**

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge


U.S. Bank, National Association ("U.S. Bank"), as Trustee and for the benefit of FMAC

Loan Receivables Trust 1998-C, and U.S. Bank, National Association, as Trustee and for the

benefit of FMAC Loan Receivables Trust 1998-D (collectively, "Lenders") filed the Motion to

Enforce and Implement Terms of Fourth Amended Joint Plan of Reorganization or, in the

Alternative, to Convert Case (the "Motion to Convert," DN 486), which drew opposition from Te-Kon Travel Court, Inc. and related debtors (the "Debtors"). The court issued its Pretrial Order Regarding Motion to Enforce Plan or Convert (DN 492), recognizing the relative complexity of the resulting contested matter, but endeavoring to bring the matter to a prompt conclusion, consistent with orderly process and a Congressional mandate to resolve such matters quickly. At considerable risk of understatement, the court notes that this contested matter has not gone smoothly. The court has twice extended discovery and once postponed trial, after expressing its concern during the telephone conference about the parties' inability to comply with the court's pretrial orders, and its frustration with the resulting delays.

On August 7, 2009, the Debtors filed a Notice of Taking Deposition *Duces Tecum* under Rule 30(b)(6) (the "Deposition Notice") requesting that U.S. Bank designate a person who:

> (a) Is responsible for overseeing the work of U.S. Bank's agents, including Capmark, in relation to the loans at issue in this litigation and the litigation itself;

> (b) Was responsible for overseeing U.S. Bank's agents, including Trigild/Interim Management, in relation to the actions taken on behalf of U.S. Bank concerning the subject loans and Debtors' assets in July and August 2007;

> (c) Is most knowledgeable about the commercial loan practices of U.S. Bank; and

> (d) Acts as Trustee on behalf of U.S. Bank for the Trusts at issue in this litigation.

In response, U.S. Bank designated James C. Rickard to testify on its behalf. Mr. Rickard is the Senior Vice President and Manager of the Franchise Servicing Group of Capmark Finance, Inc. ("Capmark"). It appears from the record that Capmark is the servicer for U.S. Bank, and U.S. Bank is itself an agent for the Lenders.

**Page 3 of 6**

Presently before the court is the Debtors' Motion to Compel U.S. Bank's Re-Designation of Corporate Representative Under Fed. R. Civ. P. 30(b)(6) (the "Motion to Compel," DN 530). The Lenders have filed papers in opposition (DN 533) wherein they argue that Mr. Rickard is the person with the most knowledge, and to the extent the Debtors seek information about U.S. Bank's supervision of its agents, or its actions as Trustee, the request seeks irrelevant and duplicative information, because Mr. Rickard already testified about the role U.S. Bank played as trustee of the lender-trusts at issue.

Addressing the re-designation issue first, the court finds that although Mr. Rickard is a longtime Capmark employee evidently with knowledge about the underlying transaction between the Lenders and the Debtors, he is not someone who could possibly qualify as a person overseeing the Lender's agents.  Indeed, Mr. Rickard is himself an agent of the servicing agent (Capmark), and is probably not the person who "[a]cts as Trustee on behalf of U.S. Bank for the Trusts at issue in this litigation," given that the bank's fiduciary duties are presumably non-delegable.

As for the Lenders' relevance objection, the scope of discovery in this contested matter, as in all federal litigation, is circumscribed by Fed. R. Civ. P. 26, which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  In its first Pretrial Order, the court framed the issues to include "[w]hether the actions of the *Lenders or their agents* somehow excused the Debtor from performing its obligations under the Plan."  See Pretrial Order dated April 24, 2009 at p.3 (emphasis added).  In so doing, the court clearly distinguished between the Lenders and their agents.

Although the court agrees with U.S. Bank that its own commercial lending practices are not a relevant area of inquiry,[1] the court is otherwise satisfied that U.S. Bank's designation of Mr. Rickard does not fully respond to Debtors' Notice of Deposition.  By making inquiry of the principal (U.S. Bank), the Debtors seek information relevant to this contested matter as previously expressed in the Pretrial Order.  Regardless of whether U.S. Bank interfered with the refinancing either directly through an officer or employee or indirectly through a servicing agent, the Debtors' interrogation of a U.S. Bank employee is undoubtedly "calculated to lead to the discovery of admissible evidence."[2]  It is conceivable, for example, that U.S. Bank not only directed Capmark to take the actions it did, but also took other actions independent of Capmark, Mr. Rickard, or other agents -- actions that may have had the purpose or effect of interfering with the Debtors' performance under the Plan.  This is a proper subject of discovery under the issues as the court framed them.  U.S. Bank thwarted this avenue of inquiry by taking the position it took with respect to the Notice of Deposition, and by insisting that the Debtors content themselves with interrogating Mr. Rickard.

As for whether the deposition of someone other than Mr. Rickard would be duplicative, the court cannot make this finding because, as noted above, U.S. Bank may have acted

---

[1] U.S. Bank is acting as the Lenders' agent, not as lender.  Moreover, the court framed the issues to limit inquiry to the specific loan at issue, and did not authorize a plenary review of U.S. Bank's commercial loan practices.

[2] Fed. R. Civ. P. 26(b)(1).  Of course, at trial the court may find that U.S. Bank did not interfere at all.

independently of Mr. Rickard, other Capmark employees, or other agents.  Mr. Rickard may or may not have knowledge of this activity.  The Debtors, having alleged that the Lenders have improperly interfered with their performance under the Plan, may certainly inquire into the actions of the Lenders (the principal) and their agents (U.S. Bank, Mr. Rickard, Capmark or others).  The court will grant the Motion to Compel, as limited by this opinion.

As noted above, the court has already extended discovery twice, and postponed trial once, and is not inclined to grant further extensions, given the mandate of 11 U.S.C. § 1112(b)(3) directing the court to resolve the Motion to Convert within 45 days after the motion is filed, absent compelling circumstances.  Nevertheless, the court acknowledges that the imminent trial date, coupled with anticipated deposition scheduling delays and the pendency of U.S. Bank's summary judgment motion, may call for another trial postponement if the parties jointly request one.

NOW, THEREFORE, IT IS HEREBY ORDERED that on or before September 28, 2009, U.S. Bank shall designate an officer or employee who (a) is responsible for overseeing the work of U.S. Bank's agents, including Capmark, in relation to the loans at issue in this litigation and the litigation itself; (b) was responsible for overseeing U.S. Bank's agents, including Trigild/Interim Management, in relation to the actions taken on behalf of U.S. Bank concerning the subject loans and Debtors' assets in July and August 2007; and (c) acts as Trustee on behalf of U.S. Bank for the Trusts at issue in this litigation.

IT IS FURTHER ORDERED that U.S. Bank shall produce for deposition the individual so designated on or before October 8, 2009, and the discovery deadline is accordingly extended for this purpose only.

IT IS FURTHER ORDERED that the trial of this contested matter shall take place on October 15 and 16, 2009, at 9:30 a.m. at the United States Court House in Kalamazoo, Michigan, unless on or before October 12, 2009, the parties file a stipulation adjourning trial to a date to be determined.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John T. Piggins, Esq., Matthew Boettcher, Esq., Douglas C. Bernstein, Esq., and Dean E. Rietberg, Esq.

END OF ORDER

**IT IS SO ORDERED.**      Scott W. Dales
United States Bankruptcy Judge   **Dated: September 22, 2009**