UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

TE-KON TRAVEL COURT, INC.,                           Case No. DK 04-01848
                                                     Chapter 11
          Debtor.                                    Hon. Scott W. Dales
_____/

In re:

TE-KHI TRAVEL COURT, INC.,                           Case No. DK 04-01847
                                                     Chapter 11
          Debtor.                                    Hon. Scott W. Dales
_____/

In re:

TE-KHI SERVICE CENTER, INC.,                         Case No. DK 04-01849
                                                     Chapter 11
          Debtor.                                    Hon. Scott W. Dales
_____/

In re:

PETROLEUM HOLDINGS, INC.,                            Case No. DK 04-01850
                                                     Chapter 11
          Debtor.                                    Hon. Scott W. Dales
_____/

**OPINION AND ORDER REGARDING MOTION FOR RECONSIDERATION**

PRESENT:     HONORABLE SCOTT W. DALES
             United States Bankruptcy Judge

In an Opinion and Order Regarding Motion to Compel dated September 22, 2009 (DN

536, the "Opinion and Order"), the court directed U.S. Bank, National Association ("U.S.

Bank"), as Trustee and for the benefit of FMAC Loan Receivables Trust 1998-C, and U.S. Bank,

as Trustee and for the benefit of FMAC Loan Receivables Trust 1998-D (collectively,

**Page 1 of 4**

"Lenders") to designate an appropriate spokesman under Fed. R. Civ. P. 30(b)(6), on or before September 28, 2009.  U.S. Bank, evidently unable to do so for reasons it failed to proffer in response to the motion that prompted the court's Opinion and Order, now seeks reconsideration of the court's ruling.  Specifically, although the Lenders' previous papers in this court have been filed by U.S. Bank in its representative capacity, the present Motion for Reconsideration of Opinion and Order Regarding Motion to Compel (DN 541, the "Reconsideration Motion") was also filed by Capmark Finance, Inc. ("Capmark"), as servicer for the Lenders.[1]  It appears that the Lenders, their servicer, the Debtors and all of their counsel have been laboring under some confusion about the identity of the principal parties on the creditor-side of the equation, given the reported securitization of the loan at issue and the supposedly perfunctory role of U.S. Bank in this matter.  This confusion and resulting lack of accountability produced a "palpable defect" in the court's Opinion and Order, according to U.S. Bank, Capmark and the two law firms that filed the Reconsideration Motion, and perhaps contributed to the difficulties in this case beginning in early 2007.  It is evidently unclear to everyone except Capmark who is running the show.

Certainly, in opposing the motion to compel the re-designation of a witness in the first place, Lenders' counsel could have and should have explained U.S. Bank's limited role as indenture trustee in this case.  The nature of U.S. Bank's role was extremely material to the designation dispute under Fed. R. Civ. P. 30(b)(6) and the merits of the Debtors' underlying discovery request.  Indeed, if U.S. Bank is acting as indenture trustee as the Reconsideration

---

[1] The first paragraph of the Reconsideration Motion recites that the moving parties are Capmark Finance, Inc. ("Capmark"), as servicer, and U.S. Bank, National Association ("U.S. Bank"), as trustee, but the signature block at the conclusion of the same document indicates that both law firms appear for Capmark, thereby omitting U.S. Bank. The Notice of Appearance that Pepper Hamilton, LLP, filed on September 28, 2009, reflects the firm's appearance on behalf of Capmark.  The Motion to Enforce does not refer to Capmark, but instead defines the term "Lenders" to mean U.S. Bank, in its trust capacity for two trusts.  The court is not certain, therefore, whether Capmark is the real party in interest and is seeking to intervene under Fed. R. Bankr. P. 2018, or whether that entity is simply the agent for U.S. Bank, which seems more likely.  These issues must be resolved to the court's satisfaction before trial.  With respect to the Reconsideration Motion, however, Capmark has no standing to complain about an order that required *U.S. Bank* to designate a spokesperson under Fed. R. Civ. P. 30(b)(6).

Motion now indicates, it should have complied with Fed. R. Bankr. P. 2019(a) early in the case. Some of the "data required" under that Rule, including the "copy of the instrument, if any, whereby the . . . indenture trustee is empowered to act . . ." would have certainly been useful in understanding U.S. Bank's arguments and role in this matter.  See Fed. R. Bankr. P. 2019(a). And, to the extent that Capmark seeks to represent more than one creditor, it too must comply with the Rule.  Lenders' counsel could have and should have explained U.S. Bank's limited role to Debtors' counsel.  Compliance with Fed. R. Bankr. P. 2019 and counsel's simple explanation likely would have resolved this discovery issue well before the commencement of many wasteful exchanges and motion practice under Fed. R. Civ. P. 30(b)(6).

In any event, factual information available to U.S. Bank and its counsel prior to entry of the court's order on the Rule 30(b)(6) issue does not qualify as newly discovered evidence warranting reconsideration, and there is no suggestion of a change in controlling law, the usual grounds for re-visiting court orders.  Nor, for that matter, does the court perceive any error in its ruling, palpable or otherwise.  U.S. Bank could have easily designated Ms. Arvin to testify about the issues in the deposition notice, even if her testimony would have been as set forth in her affidavit.  She obviously knew enough of the bank's limited role as indenture trustee to give a sworn statement.  Her testimony, in one form or another, probably would have put the matter to rest.

Nevertheless, at the conclusion of the Reconsideration Motion, counsel reports that the parties have agreed to extend the court's September 28, 2009 deadline to permit U.S. Bank to make the designation under Fed. R. Civ. P. 30(b)(6) as the court previously ordered.  As predicted above, U.S. Bank will probably designate Ms. Arvin, who will likely testify to the limited role of the bank consistent with her affidavit, if the Debtors elect to put her through the

paces.  The court assumes, however, that the Debtors will likely accept her affidavit, confident that the court will not permit U.S. Bank or the Lenders to offer evidence at trial which would be inconsistent with Ms. Arvin's statements.  In any event, the agreement between the parties to extend the court's deadline so that U.S. Bank may make the designation under Fed. R. Civ. P. 30(b)(6) is approved.  Cf. Fed. R. Civ. P. 29.

The court is concerned, more generally, about compliance with Fed. R. Bankr. P. 2019(a), and will take modest steps through this order to enforce the Rule, postponing more significant remedies under the Rule until trial, if warranted at that time.  In addition, the court encourages Capmark to carefully consider the nature of its role in this proceeding before filing any additional papers with the court.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for Reconsideration of Opinion and Order Regarding Motion to Compel (DN 541) is DENIED.

IT IS FURTHER ORDERED that U.S. Bank shall designate a spokesperson as previously ordered, within one day after entry of this Opinion and Order.

IT IS FURTHER ORDERED that U.S. Bank shall file an appropriate statement under Fed. R. Bankr. P. 2019(a), or otherwise demonstrate compliance with that Rule, on or before October 7, 2009.  If the United States Trustee or the Debtors intend to file any motion under Fed. R. Bankr. P. 2019(b), any such motion shall be filed on or before October 12, 2009.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John T. Piggins, Esq., Matthew Boettcher, Esq., Douglas C. Bernstein, Esq., and Dean E. Rietberg, Esq.

END OF ORDER

**IT IS SO ORDERED.**          Scott W. Dales
United States Bankruptcy Judge     **Dated: October 01, 2009**